IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YVONNE MONICA LANGEN,

     Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",

     Defendants.

Case No.: 1:26-cv-06551

Judge Edmond E. Chang

Magistrate Judge Albert Berry, III

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S *EX PARTE* MOTION FOR
LEAVE TO CONDUCT EXPEDITED DISCOVERY AND SERVICE OF PROCESS BY
E-MAIL AND/OR ELECTRONIC PUBLICATION**

Plaintiff, YVONNE MONICA LANGEN ("Langen" or "Plaintiff"), submits this Memorandum in support of this *Ex Parte* Motion for leave to conduct expedited discovery and service of process by email and/or electronic publication (the "*Ex Parte* Motion").

**I.    INTRODUCTION**

Plaintiff brings this action against the Defendant identified as Defendant No. 1 JF ART on Amended Schedule A to the Complaint ("Defendant") for Copyright Infringement (Count I). As alleged in the Complaint, Defendant is selling unauthorized products that are direct copies or derivative works of the copyrighted subject matter of Plaintiff's registered copyright, hereinafter referred to as the "Yvonne Langen Products." A true and correct copy of screenshot printouts showing the active infringement by the Defendant is attached hereto as **Exhibit 1**. Additionally, Defendant is promoting, advertising, marketing, distributing, offering for sale, and selling infringing Yvonne Langen Products, through at least one fully interactive commercial internet website (the "Defendant Internet Store"). Defendant's unauthorized conduct is done with the intent to generate profits by infringing and trading off Plaintiff's valuable rights.

1

The Defendant has created at least one Defendant Internet Store and designed it to appear to be selling authorized products, while actually selling unauthorized and unlicensed Yvonne Langen Products to unknowing consumers. Defendant attempts to avoid liability by concealing both its identity and the full scope of its piracy operation. Plaintiff has filed this action to combat Defendant's infringement of Plaintiff's registered copyright, as well as to protect unknowing consumers from purchasing pirated Yvonne Langen Products over the internet.

This Court has personal jurisdiction over Defendant because Defendant targets Illinois residents and has offered to sell, and on information and belief, has sold and continues to sell pirated Yvonne Langen Products to consumers within the United States, including the State of Illinois. Specifically, Defendant is reaching out to do business with Illinois residents by operating at least one commercial, interactive internet store through which Illinois residents can purchase products being sold in connection with Plaintiff's Yvonne Langen Work. Defendant directly targets its unlawful business activities toward consumers in Illinois, causes harm to Plaintiff's business within this judicial district, and has caused and will continue to cause injury to Plaintiff. Defendant deceives the public by trading upon Plaintiff's reputation and goodwill by using its commercial, interactive internet store to sell and/or offer for sale unlicensed Yvonne Langen Products in connection with Plaintiff's copyright.

## II.     ARGUMENT

Specifically, Plaintiff seeks an order to: (1) authorize expedited discovery allowing Plaintiff to inspect and copy Defendant's records relating to the manufacture, distribution, offering for sale, and sale of infringing Yvonne Langen Products and Defendant's financial accounts; and (2) authorize service by electronic mail and/or electronic publication.

Considering the covert nature of offshore infringing activities and the vital need to establish an economic disincentive for infringement, courts regularly grant leave for expedited discovery and electronic service. *See, e.g., Grazyna Maniecka v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-02729 (N.D. Ill. Mar. 13, 2026); *James Booker v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 26-cv-04832 (N.D. Ill. Apr. 30, 2026).

Discovery of Defendant's financial accounts and email addresses is necessary so that Defendant can be served with notice to conserve judicial resources and proceed to the merits of this case. Additionally, expedited discovery for Defendant's financial account information is also proper since Plaintiff may seek an equitable remedy in the accounting of Defendant's profits pursuant to 17 U.S.C. § 504(b). Finally, an order authorizing service of process by email and/or electronic publication is proper due to Defendant's intentional efforts to conceal its identity and its online business operation. Serving Defendant electronically is the best method for notifying it of this action and providing it the opportunity to defend and present its objections.

## A. Plaintiff Is Entitled to Expedited Discovery

The Supreme Court has held that "federal courts have the power to order, at their discretion, the discovery of facts necessary to ascertain their competency to entertain the merits." *Vance v. Rumsfeld*, No. 1:06-cv-06964, 2007 WL 4557812, *6 (N.D. Ill. Dec. 21, 2007) (quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380 (1978)). A district court has wide latitude in determining whether to grant a party's request for discovery. *Id.* (citation omitted). Furthermore, courts have broad power over discovery and may permit discovery in order to aid in the identification of unknown defendants. *See* Fed. R. Civ. P. 26(b)(2); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).

3

As described above, Defendant is using third-party payment processors, which helps to increase its anonymity by interposing a third party between the consumer and the Defendant. Plaintiff respectfully requests expedited discovery to discover email, bank, and payment system accounts Defendant uses for its infringing sales operations. The discovery requested on an expedited basis in Plaintiff's Proposed Order has been limited to include only what is essential to advance this litigation. Discovery of these financial accounts and email addresses is necessary so that Defendant can be served with notice to conserve judicial resources and proceed to the merits of this case.

Plaintiff's counsel is aware that the same third-party payment processors, in previous lawsuits, have worked with copyright owners and is not aware of any reason that Defendant or third parties cannot comply with these expedited discovery requests without undue burden. Further, all relevant third parties have in fact complied with identical requests in previous similar cases. More importantly, because Defendant has engaged in many deceptive practices in hiding its identity and accounts, Plaintiff will be unable to properly serve Defendant without the requested relief. Accordingly, Plaintiff respectfully requests that expedited discovery be granted.

### B. Service of Process by E-mail and/or Electronic Publication is Warranted in this Case

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process by electronically publishing a link to the Complaint and other relevant documents on a website and/or by sending an e-mail to any e-mail addresses provided for Defendant by third parties that includes a link to said website. Plaintiff submits that providing notice via electronic publication and/or e-mail, along with any notice that Defendant receives from online marketplaces and payment processors, is reasonably calculated under all circumstances to

apprise Defendant of the pendency of the action and afford them the opportunity to present its objections.

Electronic service is appropriate and necessary in this case because the Defendant, on information and belief: (1) has provided false or incomplete physical address information in its registration for the Defendant Internet Store in order to conceal its location and avoid liability for its unlawful conduct; and (2) relies primarily on electronic communications to communicate with its registrars and customers, demonstrating the reliability of this method of communication by which the registrant of the Defendant Internet Store may be apprised of the pendency of this action. *See* Declaration of Keith A. Vogt (the "Vogt Declaration") at ¶¶ 2-4. Authorizing service of process solely via e-mail and/or electronic publication will benefit all parties and the Court by ensuring that Defendant receives prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendant in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

An investigation of the Defendant's Internet Store indicates that the physical address on the internet store appears to be incomplete, and that the address does not appear to be associated with Defendant's business entity. Vogt Declaration at ¶ 2. In most instances, the Defendant must provide an email address and physical address to third-party online marketplace platform when registering its account. *Id.* at ¶ 4. Despite providing a false or incomplete physical address, the registrant of the Defendant Internet Store must generally provide an accurate e-mail address so that its marketplace may communicate with it regarding issues related to the purchase, transfer, and maintenance of the account. Likewise, online marketplace account operators accepting payment via PayPal or similar accounts must provide a valid email address to customers for completing payment. Moreover, it is necessary for merchants, such as the registrant of the

5

Defendant Internet Store, who operates entirely online, to visit their internet store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendant can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Similarly, a number of Courts, including within the Northern District of Illinois, have held that alternate forms of service pursuant to Rule 4(f)(3), including e-mail service, are appropriate and may be the only means of effecting service of process "when faced with an international e-business scofflaw." *Id.* at 1018; *see also MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., Ltd.*, No. 1:08-cv-02593, 2008 WL 5100414, *2 (N.D. Ill. Dec. 1, 2008) (holding e-mail and facsimile service appropriate); *Popular Enters., LLC v. Webcom Media Group, Inc.*, 225 F.R.D. 560, 563 (E.D. Tenn. 2004) (quoting *Rio*, 284 F.3d at 1018) (allowing e-mail service); s*ee also Juniper Networks, Inc. v. Bahattab*, No. 1:07-cv-01771-PLF-AK, 2008 WL 250584, *1-2, (D.D.C. Jan. 30, 2008) (citing *Rio*, 284 F.3d at 1017-18; other citations omitted) (holding that "in certain circumstances ... service of process via electronic mail ... is appropriate and may be authorized by the Court under Rule 4(f)(3) of the Federal Rules of Civil Procedure").

Plaintiff submits that allowing service solely by e-mail and/or electronic publication in the present case is appropriate and comports with constitutional notions of due process, particularly

6

given the decision by the registrant of the Defendant Internet Store to conduct its internet-based activities anonymously.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio,* 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.,* 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, [defendant] argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang,* 318 F.R.D. 81, 114 (N.D. Ill. 2016) (*citing* 4B FED. PRAC. & PROC. CIV. § 1134(4th ed.)). As such, this Court may allow Plaintiff to serve the Defendant via electronic publication and/or e-mail.

Additionally, Plaintiff is unable to determine the exact physical whereabouts or identity of the registrant of the Defendant Internet Store due to their provision of false and incomplete street

addresses. Plaintiff, however, has good cause to suspect the registrant of the Defendant Internet Store is a resident of China. The United States and the People's Republic of China are both signatories to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Vogt Declaration at ¶ 5. The Hague Convention does not preclude service by email, and the declarations to the Hague Convention filed by China do not appear to expressly prohibit email service. *Id.*

Furthermore, according to Article 1 of The Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." *Id* at ¶ 6. As such, United States District Courts, including in this district, routinely permit alternative service of process notwithstanding the applicability of the Hague Convention. *See, e.g.*, *Gianni Versace, S.PA. v. Yong Peng, et al.,* No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must [plaintiff] attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); s*ee also In re Strabala v. Zhang,* 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *LDK Solar Secs. Litig.,* 2008 WL 2415186,*2 (N.D. Cal. Jun. 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority); *Nanya Tech. Corp. v. Fujitsu Ltd.*, No. 1:06-cv-00025, 2007 WL 269087, *6 (D. Guam Jan. 26, 2007) (Hague Convention, to which Japan is a signatory, did not prohibit e-mail service upon Japanese defendant); *Popular Enters.*, 225 F.R.D. 560 at 562 (recognizing that, while "communication via e-mail and over the internet is comparatively new, such communication has been zealously

8

embraced within the business community"). Moreover, the law of the People's Republic of China does not appear to prohibit electronic service of process. *See* Vogt Declaration at ¶ 7.

## III.    CONCLUSION

The Yvonne Langen Work is an important part of Plaintiff's business. That the accused products use the creative content protected by Plaintiff's copyright is no coincidence. It is validation that consumers value these rights owned by Plaintiff. Without entry of the requested leave, Plaintiff will be unable to properly serve notice to Defendant. Therefore, entry of an order for leave to conduct expedited discovery and electronic service is necessary to protect Plaintiff's rights and to prevent further harm to Plaintiff and the consuming public. Unless Defendant can be properly identified and served, this action will languish and the public will continue to be confused and misled by Defendant's conduct. In view of the foregoing and consistent with previous similar cases, Plaintiff respectfully requests that this Court grant leave in the form submitted herewith. In accordance with this request, the Proposed Order includes authorization to serve Defendant electronically and provides for issuance of single original summons[1] in the name of "JF ART" that shall apply to Defendant in accordance with Federal Rule of Civil Procedure 4(b).

DATED: June 4, 2026                      Respectfully submitted,

                                         */s/ Keith A. Vogt*
                                         Keith A. Vogt
                                         FL Bar No. 1036084/IL Bar No. 6207971
                                         Keith A. Vogt PLLC
                                         1820 NE 163rd Street, Suite #306
                                         North Miami Beach, Florida 33162
                                         Telephone: 312-971-6752
                                         E-mail: keith@vogtip.com

                                         ***ATTORNEY FOR PLAINTIFF***

---

[1] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, or may serve copies of a single original bearing the names of multiple defendants if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993).

9