**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Yvonne Monica Langen

Plaintiff,

v.

Case No.: 1:26−cv−06551
Honorable Edmond E. Chang

The Partnerships and Unincorporated Associations Identified on Schedule A

Defendant.

---

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Thursday, October 1, 2026:

MINUTE entry before the Honorable Edmond E. Chang: (1.) On review of the motion [12] for expedited discovery and email service, the personal−jurisdiction section of the motion, R. 13 at 2, does not expressly say that the Defendant has made a sale of an infringing good into Illinois. For purposes of granting expedited discovery, it is appropriate to allow the Plaintiff to obtain information on personal jurisdiction. Under Liu v. Monthly, 170 F.4th 1090, 109394 (7th Cir. 2026), the Plaintiff must be able to show at least one sale of an infringing product into Illinois to establish personal jurisdiction. Based on the allegations so far, the Defendant operates an e−commerce store that is accessible to Illinois consumers and offers shipping to Illinois. But if the early discovery does not reveal a sale of an infringing product into Illinois, then personal jurisdiction will not be established. The Court raises this issue on its own given the ex parte, non−adversarial presentation at this stage of the case. Federal courts must carefully review filings when presented by just one side in an ex parte setting. See American Can Co. v. Mansukhani, 742 F.2d 314, 325 (7th Cir. 1984) (explaining that courts must "carefully consider" the need for TROs given the ex parte context); In re Grand Jury Proceedings of Special April 2002 Grand Jury, 347 F.3d 197, 205 (7th Cir. 2003) (explaining that the court had "conducted a careful in camera and ex parte review" of the record). (2.) On reasonable diligence to authorize email service, the declaration in support shows a Google Maps result for the address on the Temu page. But the Plaintiff supplies no evidence on the reliability or comprehensiveness of Google Maps in China. Perhaps Google or some other authority has credibly described the reliability of the application in China (or specific cities in or parts of China), but that information has not been supplied here. So the current inquiry is insufficient to satisfy reasonable diligence. (2.) The better course is to allow the current motion in part, specifically, authorizing expedited discovery (a subpoena to Temu, which must be served by 10/23/2026). The motion for email service is denied without prejudice. The tracking status hearing of 10/02/2026 is reset to 10/30/2026 at 8:30 a.m., but to track the case only (no appearance is required, the case will not be called). Instead, the Plaintiff shall file a status report by 10/23/2026. Emailed notice (mw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.